UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ANIL OLI                                                                           CIVIL ACTION NO. 26-0613

VERSUS                                                                            JUDGE S. MAURICE HICKS, JR.

BRIAN ACUNA, ET AL.                                                    MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM ORDER**

Before the Court is Petitioner Anil Oli's ("Petitioner") Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 3). Petitioner seeks immediate release from custody and an order enjoining Respondents from re-detaining him without notice and a pre-deprivation hearing. See id. at 9. He challenges Respondents' position that he is lawfully detained under 8 U.S.C. § 1225(b) and ineligible for a bond hearing or release from custody. See Record Document 1 at 2.

According to his Habeas Petition, which was filed simultaneously with the instant motion, Petitioner is an asylum seeker who fled Nepal. See id. He arrived in the United States on August 28, 2024. See id. He was released from custody and placed in full 8 U.S.C. § 1229a removal proceedings following a credible fear determination. See id. On December 18, 2025, Petitioner was rearrested. He submits that there had been no change in circumstances, his conditional or humanitarian parole had not been terminated, and he had not been determined to be a flight risk or a danger to the community. See id. Petitioner is currently detained at Jackson Parish Correctional Center in Jonesboro, Louisiana. See id.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial

threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner requests a temporary restraining order requiring his immediate release. However, a ruling granting release at this time would effectively resolve the merits of the Habeas Petition without the benefit of a developed record. Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 3) is hereby **DENIED**. This matter is referred to Magistrate Judge Whitehurst for Report and Recommendation.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of March, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE